(7 Misc. Rep. 710.)

HASSETT v. McARDLE et al.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. CONTRACTS—CONSTRUCTION—WHEN A QUESTION FOR THE COURT.
    Where a contract is clear and unambiguous, its construction is for the court.

2. SAME—TO FURNISH CARGO.
    Where defendant agrees to furnish cargo for plaintiff's boat, and to load it three days after it is in the dock, he is not excused from performance because plaintiff did not keep the boat at the dock for three days, in consequence of the dock master ordering the boat to give place to other boats that were ready to load, as it would be presumed the contract was made with reference to the dock regulations.

Appeal from city court, general term.

Action by Michael Hassett against Patrick J. McArdle, impleaded. From a judgment of the city court (26 N. Y. Supp. 1135) affirming a judgment entered on a verdict in favor of plaintiff for $86.10, defendant Patrick J. McArdle appeals. Affirmed.

The following paper was drawn up in defendants' office in New York City on the day of its date, November 27, 1890, in duplicate, and signed by plaintiff, one copy being retained by defendants, and the other delivered by them to plaintiff:

"Mess. M. Donnelly & Co., New York City—Gentlemen: I hereby agree to take on boat Katie and Nellie two hundred tons iron from New York City to Troy, N. Y., at the rate of 50 cents per gross ton. Mess. M. Donnelly & Co. to load and unload the boat. Said iron to be delivered to the Troy Steel and Iron Co., at Troy, N. Y. Mess. M. Donnelly & Co. to load the boat here three days after the boat is in the dock, and four days to unload her after she is in the dock at Troy, N. Y. Mess. M. Donnelly & Co. to pay for 200 tons at 50 cents a ton should they only load 150 tons, and, should there be over 200 tons, the rate is to be 50 cents per gross ton.

"M. Hassett."

After the papers were signed, the defendants told the plaintiff to get his boat as quickly as possible to the dock, and that they would load her as soon as possible.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Turner, McClure & Rolston and Cardozo Bros. (David McClure; of counsel), for appellant.

Hyland & Zabriskie, for respondent.

DALY, C. J.    The defendant is right in his contention that, the writing signed by the plaintiff being perfectly clear and unambiguous, its construction was for the court, and not for the jury; also, that it did not constitute an agreement, but was a mere proposition or offer, not obligatory upon the defendant until he accepted it and agreed to deliver a specified quantity of iron to plaintiff for shipment. Barrow Steamship Co. v. Mexican Cent. Ry. Co., 134 N. Y. 15, 31 N. E. 261; Railroad Co. v. Dane, 43 N. Y. 241.    The evidence clearly establishes such an acceptance and agreement on the part of defendant. The testimony of the plaintiff, which, however contradicted by the witnesses for the defense, we must assume that the jury believed, was that, after the papers were signed (and immediately after is a fair inference from the testimony), defendants told him to get his boat to the dock "as quick as possible," and they would load her as soon as possible.    The only question that can possibly arise upon the positive order thus given is as to the quantity of iron which the defendants were to deliver or load.    The plaintiff claims only the lowest quantity under the contract, and we think that the defendants' obligation went to that extent at least.    The written proposition was to carry 200 tons at 50 cents per ton, and it was provided that, if less were shipped, 200 should be paid for. When the offer was accepted, and the defendants promised to send a load, it is fairly to be inferred that that was the load intended by them, for, although they had the option to ship more, they did not engage to do so.    There was a positive engagement to ship a load by the boat, and, as the smallest load the plaintiff offered to carry was 200 tons for $100 (and that being the minimum freight for any less quantity), the conclusion is inevitable that defendants intended by their order that plaintiff should understand that he was to receive at least that load.    It is, however, contended by defendants, that, conceding a valid contract on their part to ship a cargo of a certain quantity, plaintiff failed to keep the agreement on his part, in not having his boat at the dock ready to receive the cargo.    Defendants had three days in which to load the boat after she was in dock, and the argument is that the boat was to be moored at the dock, and there remain for at least three days awaiting the cargo.    This was not done, because the dockmaster would not permit plaintiff's boat to lie idle at the wharf while other vessels needed the room; and so, after the plaintiff had secured a berth at the foot of Leroy street, with which defendants were satisfied, and had laid there part of two days waiting for a cargo which defendants had promised to send, the wharf master told him that, if he did not get the iron on immediately, he could not hold the berth.    Plaintiff reported this to the defendants, who said they would come right down and load her.    They did not come, and the dockmaster made him pull out for a brick barge.    He reported this to the defendants and told them that he would have the berth again in half a day; that the wharfage

master had shoved him out, but had promised to give him a berth as soon as they were ready to load him. Although Mr. McArdle, Jr., "felt bad" for plaintiff's losing the berth, and said he had no business to give it up, that he (McArdle) was paying for it, the defendants did not countermand their order, but suffered the plaintiff to come to their office day after day, waiting nearly all day, putting him off with excuses, while his boat remained at the foot of Leroy street; and finally, when he said he was not going to stay there any longer, and was going to see his lawyer if they did not give him a load, they at length told him that they would not give him any load. The plaintiff did all that he could reasonably be expected to do under his contract, which, it must be assumed, was made with the full understanding between the parties that it was to be subject to all regulations and orders of the public officers having charge of the docks; and it does not appear that the defendants would have been unreasonably delayed in the shipment of any cargo which they were at any time ready to send. The loss of the berth at Leroy street was due to defendants' own delay in failing to send the load as they promised. As the questions of the construction of the plaintiff's writing, and the acts of the defendants alleged to constitute a contract, and the performance by plaintiff of his obligations thereunder, are the only ones discussed by appellant in his brief, no others are considered. The trial court charged upon the law of the case in all respects as the defendants requested, and thus the issues of fact were properly submitted to the jury, and upon evidence that supports their verdict. If any error was committed in not clearly defining the different provinces of the court and of the jury in the interpretation of the contract, no exception was taken to the instruction; and the court in fact gave the plaintiff's writing the interpretation which the defendants requested, and by the whole charge submitted the case correctly. The judgment must be affirmed. All concur.